IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr96-MHT |
| | ) | (WO) |
| MICHAEL JERMAINE THOMPSON | ) | |

OPINION AND ORDER

Defendant Michael Jermaine Thompson is before the court for sentencing after pleading guilty to carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Among other provisions in the plea agreement, the government recommended that the appropriate sentence is five years of imprisonment, to be followed by three years of supervised release. Because the government made this recommendation pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the court, once it accepted the plea agreement at sentencing, became bound by the recommendation. *See* Fed. R. Crim. P. 11(c)(1)(C).

Nevertheless, based on representations made at the sentencing hearing on October 10, 2018, the court

determined that, prior to completing sentencing, it needed a mental-health and substance-abuse evaluation of Thompson. The evaluation is necessary to determine the appropriate conditions of supervised release, including treatment and other supports that will assist Thompson in re-entering society and avoiding future criminal activity and substance abuse. The evaluation will also aid the court in determining appropriate treatment and programs to recommend to the Bureau of Prisons (BOP) during his term of incarceration. Thompson requested that the mental-health and substance-abuse evaluation be conducted at a BOP facility. *See* Defendant's Response (doc. no. 29). Counsel for the government has orally informed the court that it does not object to Thompson being sent to a BOP facility for evaluation.

The recommendations resulting from the study should focus on what treatment is recommended for any disorder(s) Thompson may have in light of his individual characteristics and history. Prior to his

arrest for the present offense, he used marijuana on a daily basis for roughly a decade. He was twice convicted of marijuana possession in 2013. When he was approximately 20 years old, his marijuana use led his mother to send him to a drug-treatment facility in Florida. Thompson's in-court testimony at sentencing on October 10 suggested that his marijuana use may be related to possible mental-health problems. Also, according his mother, he has struggled with anxiety and depression.

18 U.S.C. § 3552(b) authorizes the court to order that the mental-health study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. In this case, the court seeks a comprehensive, longitudinal evaluation of Thompson's mental health--including a substance-abuse assessment--and whether he has any co-occurring mental illnesses in addition to his substance abuse. There are no locally available

resources that could provide such an evaluation in the jail where Thompson is housed (or in any other local jail for that matter). Such an extended and comprehensive evaluation is simply not feasible given the restrictions on access to prisoners in a jail environment.

Thompson has no objection to being evaluated. Because he does not oppose being transported, and committed, to a BOP facility for the mental-health evaluation, no due-process concerns are raised. *See United States v. Mosley*, 277 F. Supp. 3d 1294, 1299-1300 (M.D. Ala. 2017) (Thompson, J.).

**\*\*\***

Accordingly, for the reasons stated above, it is ORDERED that:

(1) Pursuant to 18 U.S.C. § 3552(b), the United States Marshal for this district shall immediately remove defendant Michael Jermaine Thompson to the

custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Thompson arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 3552(b), the examining psychiatrist(s) or psychologist(s) shall evaluate defendant Thompson's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

(a) To assist the court in ordering conditions of supervised release, the report shall discuss defendant Thompson's mental-health history and characteristics, and shall particularly address (i) whether he suffers from a substance-abuse disorder

5

and/or other mental disorder(s), and if so, which one(s); (ii) if he has a substance-abuse disorder as well as another mental disorder, how, if at all, the other mental disorder(s) relate to or interact with his substance-abuse disorder, including whether the other mental disorder(s) may be viewed as having caused, led to, or contributed to his substance-abuse disorder; and (iii) how his possible substance-abuse disorder and/or other mental disorder(s) could impact his ability to refrain from engaging in future criminal activity, and to meet other conditions of supervision.

(b) In addition, the report shall provide recommendations for treatment and supportive services to be provided to defendant Thompson while on supervised release, and for programs during imprisonment. The report should address his personal characteristics, history, and circumstances; his mental health; which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping defendant Thompson to deal with

the disorders he may have, to refrain from using illegal drugs or violating other conditions of supervised release, and to learn to respond to life stressors without resorting to substance abuse; what specific BOP programs are recommended, and why, during his five-year period of incarceration, *see* https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (describing BOP programs); and whether, assuming sincere and good faith efforts on the part of defendant Thompson, relapse is to be reasonably expected. Among other issues, the study shall address whether there is any medication that can be used in conjunction with any other treatment to address his possible substance-abuse disorder and/or other disorder(s).

(3) Finally, the report shall discuss any other matters the BOP believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 15th day of October, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

7