IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cr-96-RAH-CWB |
| | ) | |
| MICHAEL JERMAINE THOMPSON | ) | |

## **ORDER**

On March 13, 2025, the Government with the consent of Defendant Michael Jermaine Thompson filed the Notice of Agreement.  (Doc. 74.) Defendant Thompson expressly waived the right to a final hearing. (Doc. 77.)

The parties agree that the violation alleged in the September 6, 2024 Amended Petition for Revocation of Supervised Release, (Doc. 61), is a Grade A violation and that the applicable criminal history category is II.  The applicable guideline range is therefore 27 to 33 months.  U.S. Sentencing Guidelines Manual § 7B1.4.  They further agree that the nature and circumstances of the violation and the history and characteristics of Defendant Thompson warrant a sentence of 30 months of incarceration, with no additional term of supervised release to follow. For the following reasons, the Court will accept the parties' agreement, grant the revocation petition (Doc. 61), revoke Defendant Thompson's term of supervision, and sentence him to 30 months of incarceration, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release."  Under the Rule, Defendant Thompson is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2).  The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule).  Given this rule, the Court is satisfied that Defendant Thompson's waiver is sufficient for this Court to proceed without a revocation hearing.

Accordingly, it is

ORDERED as follows:

1. The revocation hearing set for March 18, 2025, is CANCELLED;

2. The Court accepts the parties' agreement as set forth in the Notice of Agreement, (Doc. 74), and Defendant Thompson's waiver of his right to a revocation hearing, (Doc. 77);

3. Based on Defendant's plea of nolo contendere to Violations 1, 2, 3, 4, and 5, the Court finds that Defendant Thompson violated the other special conditions of the terms of supervised release, specifically that he will not commit another crime (Violations 1, 2, 3), that he will not possess firearms (Violation 4), and that he will inform his probation officer of his contact with law enforcement (Violation 5).

4. The Amended Petition to Revoke Supervised Release (Doc. 61) is GRANTED;

5. The Court finds that this violation is a Grade A violation in the U.S. Sentencing Guidelines, that Defendant Thompson's criminal history category is II, and that the guideline range for imprisonment is 27 to 33 months;

6. Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the judgment of the Court that Defendant Thompson is committed to the custody of the Federal Bureau of Prisons to be imprisoned for 30 months.  Upon release from imprisonment, there will be no term of supervised release.**

7.  The Court understands that Defendant Thompson is already in the custody of

the U.S. Marshal Service.

DONE, on this the 18th day of March 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE